UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES ALLEN TATE,<br>  Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>  Defendant. | Case No. 14-cv-00251-NJV<br>**ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br>Re: Dkt. No. 22 |

Before the court is Plaintiff's Motion for Attorney's Fees (Doc. 22), filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has filed a Response (Doc. 23) in partial opposition to the Motion, to which Plaintiff filed a Reply (Doc. 24). For the reasons that follow, the Motion for Attorney's Fees (Doc. 22) is GRANTED, with a reduction in the award.

**BACKGROUND**

Plaintiff filed his Complaint (Doc. 1) on January 15, 2014, seeking review of an administrative law judge decision denying his application for disability benefits pursuant to Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Social Security Act. On July 3, 2014, Plaintiff filed a Motion for Summary Judgment (Doc. 14) in support of his claims. Defendant filed a Cross-Motion for Summary Judgment on September 2, 2014. (Doc. 17). Plaintiff filed a Reply on September 15, 2014. (Doc. 18.) On January 13, 2015, the undersigned entered an order granting in part and denying in part Plaintiff's Motion for Summary Judgment and granting in part and denying in part Defendant's Motion for Summary Judgment. (Doc. 19.) Plaintiff now seeks attorney's fees under the Equal Access to Justice Act,

28 U.S.C. § 2412 (d). (Doc. 22.)

## DISCUSSION

Order to Show Cause

On April 15, 2015, the court issued an Order to Show Cause, asking Plaintiff to address the timeliness of his motion and whether Plaintiff's Counsel had complied with the requirements of Civil Local Rule 54-5 governing motions for attorney's fees. Plaintiff filed a response to the court's order on April 17, 2015 (Doc. 26) and Defendant filed a response on April 24, 2015 (Doc. 27). Plaintiff argues in his response that his motion is timely. Plaintiff, however, concedes that he did not comply with the requirements of subsection (b) of Civil Local Rule 54-5 that a motion for attorney's fees must be supported by declarations or affidavits containing a statement that counsel have met and conferred in an attempt to resolve disputed issues. Plaintiff's counsel now provides the appropriate declaration, stating that he sent a letter to opposing counsel but received no response. (Doc. 26.) Defense Counsel does not dispute that such a letter was sent, but denies having received it. (Doc. 27.)

Based on the parties' responses, the court finds that Plaintiff's motion for attorney's fees is timely. *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal."); Fed.R.App.P 4(a) (in a civil case to which the government is a party, the time for appeal does not end until 60 days after the entry of judgment). Here, the court entered judgment on January 13, 2015. (Doc. 20.) Plaintiff had 60 days thereafter to file his notice of appeal, and then an additional 30 days to file his motion for attorney's fees with this court. Plaintiff filed his motion for attorney's fees on March 16, 2015, well within the allowed ninety days. (Doc. 22.)

Based on the foregoing, the Order to Show Cause issued by the court on April 15, 2015, is HEREBY DISCHARGED.

Motion for Attorney's Fees

Pursuant to 28 U.S.C. § 2412(d)(1)(A) "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any

2

civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that circumstances make an award unjust." A party that has obtained a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff has the burden of proving he is entitled to EAJA fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Defendant contends that Plaintiff has not shown that he is entitled to EAJA attorney's fees, because he has not met his burden of showing that his net worth does not exceed $2,000,000.00 at the time that this civil action was filed. *See* 28 U.S.C. Section 2412(d)(2)(B)(i). The court finds this contention meritless. As Plaintiff argues, the record shows that when he applied for Title XVI Supplemental Security Income, he reported in the "Resources" section of his application that his Bank of the West account balance was $0.50 and that he did not own other resources. (Tr. 193.) Plaintiff was found to have met the Supplemental Security Income eligibility resource prerequisite of not having more than $2,000,000.00 in combined resources in order to have the merits of his Title XVI disability claim reviewed. The court agrees with Plaintiff that based on this undisputed and uncontradicted information, he has met the financial prerequisite to be eligible for attorney's fees under the EAJA.

Plaintiff seeks fees for Counsel's time of 53 hours at $186 per hour for total of $9,858.00. See 28 U.S.C. § 2412(d)(2)(A)(ii) (defining "fees"). This consists of 1 hour for drafting the complaint, 38 hours for Plaintiff's motion for summary judgment, 8 hours for the reply brief, and 6 hours for Plaintiff's motion for attorney's fees. Defendant does not assert that her position was substantially justified and concedes that Plaintiff is entitled to fees. Defendant, however, contends that Plaintiff's request for attorney's fees is unreasonable, arguing that the court should reduce Plaintiff's requested 53 hours of attorney time to a total of 25 hours. Defendant argues that the briefing in this action consisted of four "fairly standard" disability issues and that Plaintiff's substantive briefing amounted to only about 10 pages of argument. Defendant submits that 15 hours would therefore adequately compensate Plaintiff's counsel for drafting Plaintiff's Motion for Summary Judgment. Defendant further submits that 6 hours would adequately compensate

3

Plaintiff's counsel for drafting Plaintiff's Reply brief, which contains about 6 and a half pages of argument.

Plaintiff's Counsel contends that the number of hours claimed is reasonable because he did not represent Plaintiff at the prior administrative hearing and had to take extra time to review and analyze the 694 page Certified Transcript of Administrative Proceedings. The court does not dispute Counsel's assertion that time was needed to review and analyze the lengthy transcript in this case. The court finds, however, that under the facts of this case, the hours sought by Plaintiff are excessive and therefore unreasonable. The court notes that the issues raised were neither novel nor complex, and that several were meritless. The court finds that 27 hours would reasonably compensate Plaintiff's Counsel for drafting the Motion for Summary Judgment, and that 7 hours would reasonably compensate Plaintiff's Counsel for drafting the Reply. Thus, the court will award a total of 35 hours. This includes 1 hour for the drafting of the Complaint. Defendant does not object to the hourly rate sought by Plaintiff. The court will thus award attorney's fees at a rate of $186 per hour, for a total of $6,510.00.

Payment of the EAJA Fees

Defendant contends that payment of attorney's fees should be made to Plaintiff under *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). "As this Court recently recognized,[*Ratliff*] does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Lloyd v. Astrue*, No. No. 11-cv-4902 EMC, 2013 WL 3756424, at *4 (N.D. Cal. July 16, 2013) (citing *Palomares v. Astrue*, No. 11-cv-4515 EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012); *see also Neilsen v. Colvin*, No. 13-cv-01737-NJV, 2014 WL 1921317, at *4 (N.D. Cal. May 13, 2014) ("Defendant to pay the full amount of the EAJA fees awarded directly to Plaintiff's counsel, subject to any debt offset."). Here, however, Plaintiff has not requested payment of fees directly to counsel. Accordingly, the attorney's fees shall be paid to Plaintiff , subject to any offset for debt owed to the government.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Plaintiff's Motion for Attorney's Fees and Costs (Doc. 22) is GRANTED with a reduction in hours compensated; and

2) Plaintiff is awarded $6,510.00 in fees, payable to Plaintiff, subject to any offset.

**IT IS SO ORDERED**.

Dated: May 5, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge